### JOHN HENRY v. JACOB MILHAM.

· The rights of an assignee will be protected.
If a defendant neglect to offset his demand against the plaintiff, he is barred from any suit for the recovery of the money due thereon.

This was a certiorari directed to the Common Pleas of the county of Warren, removing the judgment and proceedings of that court, on the trial of an appeal from the court for the trial of small causes.   The facts of the case appear in the opinion of this court, delivered by the Chief Justice.

*Sherrard* for the plaintiff in certiorari.

HORNBLOWER, C. J.   The action before the justice was brought by, or in the name of Milham against Henry, on a note (not negotiable) given by the latter to the former, dated 5th January, 1830, payable nine months after date.   On the trial, Henry set up a judgment in an action of debt, recovered by him against Milham, on the 12th of April, 1831, before another justice, in which he insisted Henry ought to have set off his note, and that he was now barred, and Henry offered the record of such judgment in evidence—this evidence the justice rejected and gave judgment for the plaintiff.   From this judgment Henry appealed, and on the trial of the appeal, the court received the record of the former recovery in evidence, but nevertheless, after reversing the judgment of the justice, rendered a new judgment for Milham, the plaintiff below, for exactly the same sum for which the justice had given judgment?   These two judgments are now brought up upon certiorari in this case.

If this was a trial between Milham and Henry, or in other words, if Milham was the real plaintiff, most clearly judgment ought to have been given against him, for by the force and terms of the act of assembly, (*Rev. Laws*, 633, *sec.* 15) as well as by the decisions of this court, Milham by not offsetting his note against Henry's demand in the action brought by the latter against the former, was barred from any suit for the recovery of the money due thereon.

But it would appear from the papers sent up with the certiorari, that one John Olp, claimed to be the real plaintiff. If Milham, previous to his being sued by Henry, had actually parted with his right to the note, and if Olp was the real bona fide owner of it at the time of bringing the first suit (appealed from) the court below ought to have considered him the real plaintiff, and protected his rights, as the equitable owner; and if this court could see on the record, any evidence of such equitable ownership by Olp, they would regard it and protect him so far as they could—but no such evidence appears—there is no assignment or transfer of the note, written or proved in any other way—on the contrary, it appears that at the time of the trial of the suit by Henry against Milham, the latter claimed to be the owner of the note, and alleged that Olp had no right to it, and this came out upon Olp's own shewing, while he was there managing and conducting the suit of Milham against Henry.

Let as well the judgment of the Court of Common Pleas, as of the justice whose judgment was appealed from, be reversed.

CITED *in Crum* v. *Moore's adm'r,* 1 *McCarter,* 439.